# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-1164V
Filed: April 26, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| MARTIN COWLES, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| v. | * | Decision on Attorneys' Fees and Costs; |
| | * | Interim Fees |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | * | |

*Andrew Downing, Esq.*, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
*Colleen Hartley, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On September 20, 2016, Martin Cowles ("Mr. Cowles," or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he suffered a severe adverse reaction after receiving an influenza vaccination on October 17, 2013. *See* Petition ("Pet."), ECF No. 1.

On April 4, 2018, petitioner filed a Motion for Interim Attorneys' Fees and Costs. Motion for Fees, ECF No. 44. Petitioner requests attorneys' fees for current counsel in the amount of $30,517.50 and costs in the amount of $36,505.50, for a total amount of $67,023.00. *Id.* at 3.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

Petitioner additionally requests attorneys' fees for his prior counsel, Faraci Lange LLC, in the amount of $10,800.00 and $235.00 in costs, for a total amount of $11,035.00. *Id*.

On April 17, 2018, respondent filed a response to petitioners' Motion for Fees. Response, ECF No. 45. Respondent provided no specific objection to the amount requested or hours worked, but instead, "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id*. at 3.

## I. Applicable Legal Standards

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Moreover, special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Humans Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010); *see Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). One instance in which interim fees have been awarded is "where proceedings are protracted and costly experts must be retained." *Avera*, 515 F.3d at 1352.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera*, 515 F.3d at 1349. Under this approach, [t]he initial estimate of a reasonable attorney's fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id*. at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). This rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F.3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (Fed. Cir. 2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has issued a fee schedule that updates the *McCulloch* rates to account for inflation in subsequent years.[3]

---

[3] This fee schedule is posted on the court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate*

Once the applicable hourly rate is determined, it is applied to the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. The application for fees and costs must "sufficiently detail and explain the time billed so that a special master may determine. . . whether the amount requested is reasonable," and an award of attorneys' fees may be reduced for "vagueness" in billing. *J.W. ex rel. Wilson* v. *Sec'y of Health & Human Servs.*, No. 15-1551V, 2017 WL 877278, at *4 (Fed. Cl. Spec. Mstr. Feb. 10, 2017). Moreover, counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton* v. *Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley* v. *Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo* v. *Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016).

Furthermore, some tasks are generally compensated at a reduced rate. Attorneys who perform non-attorney-level work are compensated at a rate comparable to what would be paid for a paralegal or secretary. *See O'Neill* v. *Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott* v. *Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). Finally, some tasks are never compensable. For instance, "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews* v. *Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Non-compensable clerical and secretarial tasks include making travel arrangements, reviewing and paying invoices, setting up meetings, organizing files, scheduling conference calls, and reviewing files for consistency. *J.W.*, 2017 WL 877278, at *3; *Barry v. Sec'y of Health & Human Servs.*, No. 12-039V, 2016 WL 6835542, at *4 (Fed. Cl. Spec. Mstr. Oct. 25, 2016).

It is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen* v. *Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming special master's reduction of attorney and paralegal hours); *Guy* v. *Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same). Ultimately, special masters have substantial discretion in awarding fees and costs, and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella* v. *Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen*, 102 Fed. Cl. at 729.

---

*Fee Schedule: 2015-2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.

3

## II. Discussion

**A.     Interim Fees**

Interim fees may be paid at the discretion of the special master. *See Avera*, 515 F.3d at 1352 ("Interim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained.") Additionally, "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." *Shaw*, 609 F.3d at 1375.

During the pendency of this case, petitioner has retained two experts to opine on his behalf and has incurred substantial expert fees as a result. Due to the undersigned's full hearing schedule, this matter will not proceed to an entitlement hearing until 2020. Therefore, an award of interim fees and costs is appropriate so that counsel is not unduly financially burdened during protracted litigation.

**B.     Attorneys' Fees for Van Cott & Talamante**

Petitioner requests $30,517.50 in attorneys' fees. The requested hourly rates, *see* Motion for Fees, Ex. A, at 23-24, are consistent with the rates previously found to be reasonable in cases involving petitioner's counsel. *See, e.g., Carey v. Sec'y of Health & Human Servs.*, No. 16-828V, 2018 WL 1559805, at *6 (Fed. Cl. Spec. Mstr. Feb. 26, 2018); *Randolph v. Sec'y of Health & Human Servs.*, No. 15-146V, 2018 WL 1310477, at *4 (Fed. Cl. Spec. Mstr. Feb. 13, 2018). Additionally, the number of hours billed appear to be reasonable. Accordingly, $30,517.50 is awarded in attorneys' fees.

**C.     Attorneys' Costs for Van Cott & Talamante**

Petitioner requested a total of $36,505.50 in costs for Van Cott & Talamante. *See* Motion for Fees, Ex. A, at 23. The requested costs consist of $8,076.00 in expert fees for Dr. Vincent Tuohy and $27,622.29 in expert fees for Dr. George Hicks. *Id*. at 21-23.

Upon reviewing the records, the undersigned noted certain concerns regarding Dr. Hicks' billing practices. He billed 20 hours on March 14, 2017 for "preliminary report, research, analysis." *Id*. at 33. Dr. Hicks also billed two hours on February 9, 2018, for "Review of Special Master Roth Order." *Id*. The order in question was three pages long. *See* Scheduling Order, ECF No. 40. Additionally, Dr. Hicks billed 15 hours for "Research and references;" however, this task is not allotted to a specific date but rather over a general range of time ("05/2017-03/2018"). *Id*. at 37. He billed another 5 hours for "Copy collating references." *Id*.

In allotting large blocks of time to vague tasks such as "collating references," Dr. Hicks has engaged in a practice called "block billing," which is disfavored by the Program. *See Broekelschen v. Sec'y of Health & Human Servs.*, No. 07-137V, 2008 WL 5456319 (Fed. Cl. Spec. Mstr. Dec. 17, 2008) (reducing petitioner's attorneys' fees and criticizing her for block billing). The Vaccine Program's Guidelines for Practice specifically state, "Each task should have its own line entry indicating the amount of time spent on that task. Several tasks lumped together with one

4

time entry frustrates the court's ability to assess the reasonableness of the request." The undersigned is perplexed as to the meaning of "collating references," and why it takes five hours. I am also skeptical that Dr. Hicks spent 20 hours in one day working on this case. Petitioner's counsel is cautioned that in the future, experts should provide more detailed documentation to support their fees. Other special masters have reduced expert fees due to block billing. *See, e.g., Bean-Sasser v. Sec'y of Health & Human Servs.*, No. 13-326V, 2017 WL 4385749 (Fed. Cl. Spec. Mstr. Sept. 8, 2017). Though petitioner's costs appear to be reasonable; I will not reduce them, but caution counsel to be vigilant about expert billing practices.

### D.     Attorneys' Fees for Faraci Lange

Petitioner requests $10,800.00 in attorneys' fees for Faraci Lange. The requested hourly rates, *see* Motion for Fees, Ex. B, at 1, are consistent with fees previously awarded in cases involving petitioner's counsel. *See, e.g., Young v. Sec'y of Health & Human Servs.*, No. 16-602V, 2017 WL 7360354 (Fed. Cl. Spec. Mstr. Aug. 31, 2017).

However, attorney Kathryn Bruns billed for administrative tasks such as downloading medical records and "screen-shotting" emails.[4] There are also instances of duplicative billing.[5] For these reasons, the undersigned finds that the requested $10,800.00 should be reduced by 10%. Accordingly, $9,720.00 is awarded in attorneys' fees.

### E.     Attorneys' Costs for Faraci Lange

Petitioner requested a total of $235.00 in costs for Faraci Lange. *See* Motion for Fees, Ex. B, at 4. The requested costs are associated with obtaining medical records. *Id*. The undersigned finds petitioner's requested costs to be reasonable.

### III. Total Award Summary

Based on the foregoing, the undersigned **awards the total of $76,978.00 as follows:**

- **A lump sum of $67,023.00** representing reimbursement for attorneys' fees in the amount of $30,517.50 and costs in the amount of $36,505.50, in the form of a check made payable jointly to petitioner and petitioner's counsel, Andrew Downing of Van Cott & Talamante; and

- **A lump sum of $9,955.00** representing reimbursement for attorneys' fees in the amount of $9,720.00 and costs in the amount of $235.00, in the form of a check made payable jointly to petitioner and Faraci Lange LLC.

---

[4] *See, e.g.*, Motion for Fees, Ex. B at 2 ("Email exchange with client regarding downloading medical records from Google drive"); *id*. at 3 ("Print, screen shot and email 12 batches of emails….").

[5] *See, e.g.*, Motion for Fees, Ex. B at 2, where Ann Steinmetz and Kathryn Lee Bruns both billed time for a conference call with the client.

The Clerk of the Court is directed to enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.